UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | | |
|---|---|---|
| KENT A. EASLEY, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | 2:13-cv-116-JMS-MJD |
| | ) | |
| STANLEY KNIGHT, | ) | |
| | ) | |
| Respondent. | ) | |

**Entry Discussing Petition for Writ of Habeas
Corpus and Denying Certificate of Appealability**

For the reasons explained in this Entry, the petition of Kent Easley for a writ of habeas corpus must be **denied.** In addition, the court finds that the certificate of appealability should not issue**.**

**I.**

Convicted offenders have no entitlement to early release from a prison sentence based on the Due Process Clause alone. *Wolff v. McDonnell,* 418 U.S. 539, 557 (1974). Rather, when a state creates a right to good time credit a prisoner's interest therein is embraced within the Fourteenth Amendment's "liberty" concerns so as to entitle him to those minimum procedures appropriate under the circumstances and required by the due process clause to insure that this state created right is not arbitrarily abrogated. *Id.* Any deprivation of this protected liberty interest must comport with due process. *Superintendent, Mass. Correctional Institution v. Hill,* 472 U.S. 445, 447 (1985).

> An Indiana statute, IND. CODE § 35–50–6–3.3(b), provides in relevant part:
>
> In addition to any credit time that a person earns under subsection (a) or section 3 of this chapter, a person may earn credit time if, while confined by the department of correction, the person:
> (1) is in credit Class I;
> (2) demonstrates a pattern consistent with rehabilitation; and
> (3) successfully completes requirements to obtain at least one (1) of the following:
> . . .
> (B) A certificate of completion of a substance abuse program approved by the department of correction.

The Indiana Department of Correction ("DOC") has the obligation to "establish admissions criteria and other requirements for programs available for earning credit time under subsection (b)." IND. CODE § 35–50–6–3.3(c).

In the present case, Easley contends that he has been improperly denied credit to which he is entitled pursuant to IND. CODE § 35–50–6–3.3(b). His claim was rejected by both the trial court and the Indiana Court of Appeals. *Easley v. State*, 980 N.E.2d 446 (Ind.Ct.App. 2012) transfer denied, 983 N.E.2d 1157 (Ind. 2013). He seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254(a).

The scope of federal habeas review is limited. *Wilson v. Corcoran*, 131 S. Ct. 13, 16 (2010). "[I]t is only noncompliance with *federal* law that renders a State's criminal judgment susceptible to collateral attack in the federal courts. The habeas statute unambiguously provides that a federal court may issue the writ to a state prisoner 'only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.' 28 U.S.C. § 2254(a)." *Id.*

The provisions of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), codified 28 U.S.C. § 28 U.S.C. § 2241(c)(3), *et seq.,* govern this case because Ritchie filed his petition after the AEDPA's effective date. *See Lindh v. Murphy,* 521 U.S. 320, 336 (1997). The AEDPA provides:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim—
>
> (1)   resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2)   resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d) (1996). "A state court's decision is 'contrary to' . . . clearly established law if it 'applies a rule that contradicts the governing law set forth in [Supreme Court cases]' or if it 'confronts a set of facts that are materially indistinguishable from a decision of [the Supreme] Court and nevertheless arrives at a result different from [that] precedent.'" *Mitchell v. Esparza,* 540 U.S. 12, 15-16 (2003) (per curiam) (quoting *Williams v. Taylor,* 529 U.S. 362, 405–06 (2000)); *see also Bell v. Cone,* 535 U.S. 685, 694 (2002). "[T]he 'unreasonable application' prong of § 2254(d)(1) permits a federal habeas court to 'grant the writ if the state court identifies the correct governing legal principle from [the Supreme] Court but unreasonably applies that principle to the facts of petitioner's case." *Wiggins v. Smith,* 539 U.S. 510, 520 (2003) (quoting *Williams,* 529 U.S. at 413). The "AEDPA thus imposes a 'highly deferential standard for evaluating state-court rulings,' and 'demands that state-court decisions be given the benefit of the doubt.'" *Renico v. Lett,* 130 S. Ct. 1855, 1862 (2010) (quoting *Lindh,* 521 U.S. at 333 n.7; *Woodford v. Viscotti,* 537 U.S. 19, 24 (2002) (per curiam)). With respect to § 2254(d)(2), state-court determinations of factual issues are "presumed correct" unless the petitioner can rebut the presumption "by clear and convincing evidence." 28 U.S.C. § 2254(e)(1); *Sprosty v. Buchler,* 79 F.3d 635, 643 (7th Cir. 1996).

The Court assumes for the purpose of resolving Easley's habeas petition that IND. CODE § 35–50–6–3.3(b) supports a liberty interest in the award of good time credit if an inmate satisfies the requirements of that statute. *See Scruggs v. Jordan,* 485 F.3d 934, 939 (7th Cir. 2007). This statute "allows a person to earn credit time if, 'while confined by the department of correction,' the person is in credit Class I, demonstrates a pattern consistent with rehabilitation, and successfully completes the requirements to obtain a certificate of completion of a substance abuse program approved by the department of correction." *Smith v. State*, 982 N.E.2d 483, *2 (Ind.Ct.App. 2013)(unpublished).

The defendant in *Smith* did not prevail because he was on home detention when he participated in the specified programs, not in the custody of the DOC. The same result is seen in *Gates v. State*, 990 N.E.2d 71 (Ind.Ct.App. 2013), wherein the defendant argued that the post-conviction court erred by denying his request for credit time under IND. CODE § 35–50–6–3.3 for certificates of completion he received while he was in the Marion County Jail awaiting trial. The defendant in *Gates* failed to prevail because he was not in the custody of the DOC.

Easley's circumstances when he participated in the substance abuse treatment program in 2000 included that he "was detained in the Shelby County Jail prior to the sentencing on his original charges." *Easley,* 980 N.E.2d at 980, *4. He was thus ineligible for the credit he sought. The Indiana Court of Appeals also noted that "Easley presented no evidence before the post-conviction court that the program he completed was 'approved by the department,' and indeed, there was ample evidence presented that the program was not approved by the DOC." *Id.* The denial of Easley's petition for post-conviction relief on this ground was thus affirmed. That decision is consistent with the earlier decision in *Smith* and with the later decision in *Gates*.

"The touchstone of due process is protection of the individual against arbitrary action of the government." *Wolff,* 418 U.S. at 558. There was no arbitrary action in any aspect of the state courts' adjudication of Easley's petition for credit time based on his completion of an unapproved substance abuse treatment program while he was confined in the Shelby County Jail awaiting the disposition of criminal charges. Easley was not eligible under these circumstances to the award of credit pursuant to IND. CODE § 35–50–6–3.3(b).

The AEDPA standard Atightly constrains the availability of the writ.@ *Stock v. Rednour,* 621 F.3d 644, 649 (7th Cir. 2010). "A defendant whose position depends on anything other than a straightforward application of established rules cannot obtain a writ of habeas corpus." *Liegakos v. Cooke,* 106 F.3d 1381, 1388 (7th Cir. 1997). No such established rules entitle Easley to relief in this case. Easley's petition for a writ of habeas corpus is therefore **denied.** Easley's Show Cause and Motion for Summary Judgment Supported by Evidence and Sworn Oath [dkt. 17] is **denied.** The parties' strident arguments about procedural default are not jurisdictional in nature. The better course here is for the merits of Easley's claim to be addressed.

Judgment consistent with this Entry shall now issue.

**II.**

Pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the *Rules Governing § 2254* proceedings, and 28 U.S.C. § 2253(c), the Court finds that Easley has failed to show that reasonable jurists would find "it debatable whether the petition states a valid claim of the denial of a constitutional right." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000). The court therefore **denies** a certificate of appealability.

IT IS SO ORDERED.

Date: 11/14/2013

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

Distribution:

Electronically Registered Counsel

Kent Easley
DOC # 103481
Putnamville Correctional Facility
1946 West U.S. 40
Greencastle, IN 46135-9275

Case 2:13-cv-00116-JMS-MJD   Document 26   Filed 11/14/13   Page 6 of 6 PageID #: 404